**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-70126-tmd |
| JET OILFIELD SERVICES, LLC, | § | |
| | § | Chapter 11 |
| Debtors | § | |

**MOTION TO COMPROMISE AND SETTLE**
**WITH BRIAN T. OWEN**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE JUDGE OF SAID COURT:

Jet Oilfield Services, LLC hereby files this Motion to Compromise and Settle with Brian T. Owen (Owen) and would show as follows.

1.  On October 12, 2022, the Debtor filed Chapter 11 bankruptcy.

2.  Brian T. Owen is one of the members of the Debtor. Controversies have arisen between the Debtor and Mr. Owen, including the following:

    a.  Mr. Owen failed to meet his commitment to contribute capital to the Debtor;

    b.  Mr. Owen apparently entered into Merchant Cash Advance loans without the Debtor's authority and used the funds for other purposes;

    c.  The Debtor paid approximately $433,000.00 on these loans; and

    d.  Mr. Owen paid himself $500,000 within the insider preference period.

3.  The Debtor has entered into negotiations with Owen to resolve the issues with regard to issues identified above. The parties entered into a written settlement which is attached as

Exhibit A. Under the agreement, Owen shall transfer his membership interest in Jet to Thomas Smith in trust for the other members of Jet Oilfield Services, LLC, shall release his claim in the amount of over $1 million and shall indemnify the Debtor for any amounts paid with regard to merchant loans taken out without proper corporate authority.  The Debtor shall grant Mr. Owen a limited release with respect to the transactions identified above. The Debtor shall retain any unknown claims against Mr. Owen.

## GROUNDS FOR RELIEF

4.      Motions to compromise and settle are authorized by Fed.R.Bankr.P. 9019(a). Bankruptcy settlements "are a normal part of the process of reorganization" and are desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly. River City v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 602 (5th Cir. 1980).

5.      The Bankruptcy Court has wide discretion to determine whether a proposed compromise should be approved.  In a ruling on the propriety of the compromise, the Court should determine whether the settlement is in the best interest of the bankruptcy estate. In re Aweco, Inc., 725 F.2d 293 (5th Cir. 1984).  Bankruptcy settlements "are a normal part of the process of reorganization" and are desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly. River City v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 602 (5th Cir. 1980).

6.      Courts in this Circuit have been instructed to consider the following factors in determining whether to approve a proposed settlement:

a.      the probability of success in the litigation, with due consideration of the uncertainty of facts and law;

b.      the complexity and likely duration of the litigation and any expense, inconvenience and delay and possible problems collecting a judgment;

c.      the interest of the creditors and proper deference to their reasonable views; and

d.      the extent to which settlement is truly the product of arms-length negotiations.

See In re Cajun Electric Power Coop, Inc., 119 F.3d 349, 355-56 (5th Cir. 1997).

7.      The proposed settlement in this case meets the requirements for approval of a compromise and settlement for the following reasons:

a.      The settlement was negotiated at arms-length between the Debtor, Debtor's counsel and Mr. Owen;

b.      The settlement eliminates over $1 million in liability that Mr. Owen could have asserted against the Debtor;

c.      The Debtor concluded that if it pursued legal action against Mr. Owen, any judgment would be of questionable collectability.

d.      The Debtor retains the right to pursue its claims for indemnity against Mr. Owen for any amounts it pays out on the disputed Merchant Advance claims.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 279-0310 (Facsimile)
ssather@bn-lawyers.com
phammer@bn-lawyers.com

By:     /s/*Stephen W. Sather*____
        Stephen W. Sather
        State Bar No. 17657520
        Gregory R. Siemankowski

Page 3

State Bar No. 24077908
**ATTORNEY FOR DEBTOR**

## CERTIFICATE OF SERVICE

February 9,

The undersigned hereby certifies that on ~~January~~ ___, 2023, a true and correct copy of the above and foregoing *Motion to Compromise and Settle with Brian T. Owen* was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid, or by electronic transmission through the Court's ECF noticing system to those parties-in-interest registered to receive such service.

*/s/ Stephen Sather*_____
Stephen Sather

**1. Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

**2. BMF Capital**
1820 Avenue M
Suite 125
Brooklyn, NY, 11230

**3. b1Bank**
**fka Business First Bank**
Wiener, Weiss & Madison
Patrick L. McCune
445 Louisiana Avenue
Baton Rouge, LA 70802
Telephone: 225-910-8084
Facsimile: 225-910-8082
pmccune@wwmlaw.com
rbrown@wwmlaw.com

**4. Cannon Advance**
**c/o Lifetime Funding**
5308 13th Avenue
Suite 324
Brooklyn, NY 11219

**5. Gibsland Bank and Trust**
P.O. Box 180
Gibsland, LA, 71028
E. Keith Carter, La. Bar No. 16,847
4415 Thornhill
Second Floor, Suite A
Shreveport, Louisiana 71106
318/861-1111
Fax: 318/868-2323
ekcarter@rogerscarterlaw.com
WHolloway@gbt.bank

**6. OSO Reserve**
1615 West Loop 289
Lubbock, TX 79416
**Jenkins & Young, P.C.**
**Jody D. Jenkins**
P.O. Box 420 Lubbock, TX 79408

trish@osoreserves.com

**7. Premier Funding US**
**c/o Bridge Funding**
450 Lexington Avenue
4th Floor
New, York, NY, 10007

**8. Reliance Financial**
200 Central Avenue
Farmingdale, NJ 07727

**9. Spin Capital**
111 Washington Avenue
Suite 703
Albany, NY 12210
josh@spincapital.com

**10. TSI Flow Products**
P.O. Box 9182
Corpus Christi, TX 78469

**11. GJR Meyer Service, Inc**
**Spence Desenberg & Lee**
**Ross Spence**
1770 St. James Place,
Suite 625 Houston, TX 77056
ross@sdllaw.com
justin@sdllaw.com
(713) 275-8440 – Main Telephone
(713) 275-8445 – FAX

**12. Tech Seal International, INC**
d/b/a TSI Flow
3131 W. Little York Rd.
Houston, TX 7709

13. **KB Wellbore Solutions**
3419 Swenson Rd. #200
Pearland, TX 77581
kgressett@kbwellboresolutions.com

**14. W4 Consulting**
P.O. Box 31

Arcadia, LA 71001

**H. R. CHAPIN, ATTORNEY & COUNSELOR, PLLC**
**Attn.: Hershel R. Chapin**
4301 Alpha Rd Dallas, TX 75244
hchapin@gmail.com Telephone: 972-707-7482
Facsimile: 214-736-3945

**15. TMS Flow Products**
PO Box 1024
Youngsville, LA 70592

16. **Moab Energy LLC**
Moab Energy LLC
PO Box 4324
Longview, TX 75606

17. **IBY Outlet**
2465 FM 359 South, Building B
Brookshire, TX 77423

**18. Shanghai Lengthon Petro Equip Co**
Bldg 3, No 398 Jinbai Rd
Jinshan Industrial Zone,

**19. JMP Petroleum Technologies**
JMP Petroleum Technologies
8111 FM 1960 Ste 100
Humble, TX 77338

**20. Hytec Equipment**
PO Box 3004
Grand Junction, CO 81502

**21. B&D Flowback**
P.O. Box 279
Raceland, LA 70394

**22. Horizon Wellhead**
Horizon Wellhead
9919 Steelman St
Houston, TX 77017

**23. Thrubore Valves LLC**
5550 FM 1488

Magnolia, TX 77354

**24. Roughneck Rentals**
PO Box 748
Minden, LA 71058-0748

**25. Trionz Flow**
3892 INDUSTRIAL CIRCLE
Bossier City, LA 71111

**Agreement**

WHEREAS, Brian Owen ("Owen") is one of the members of Jet Oilfield Services, LLC (Jet);

WHEREAS, Owen is alleged to have taken out unauthorized loans in the name of Jet on account of which Jet made certain payments;

WHEREAS, Owen has received payments of approximately $500,000 from Jet during the year prior to its bankruptcy filing;

WHEREAS, Owen loaned approximately $1,000,000 to Jet which remains owing subject to offsets and claims.

WHEREAS, Owen and Jet desire to compromise and settle their differences as set forth herein.

**IT IS THEREFORE AGREED AS FOLLOWS:**

1. Owen shall transfer his membership interest in Jet to Thomas Smith in trust for the other members.
2. Owen releases any and all claims which he could have asserted against Jet, whether known or unknown, in contract or in tort, specifically including a loan for approximately one million dollars.
3. Owen shall indemnify Jet for any amounts paid with regard to loans taken out by him without proper corporate authority.
4. In return for the consideration provided by Owen to Jet, Jet releases Owen for the following specific claims:
   (a) Claims to recover preferential transfers pursuant to 11 U.S.C. Sec. 547;
   (b) Claims to recover monies paid by Jet on unauthorized loans during the period from June to October 2022; and
   (c) Claims for breach of fiduciary duty for incurring unauthorized credit in the name of Jet during the period from June to October 2022.

   This is a limited release.

5. Owen represents and warrants that he has full authority to enter into this agreement subject only to approval of the United States Bankruptcy Court in Case No. 22-70126.
6. Owen represents that he has had the opportunity to review this agreement with counsel.
7. Jet represents and warrants that he has full authority to enter into agreement subject only to approval of the United States Bankruptcy

8. This agreement shall be governed by the law of the State of Texas and the United States as each may apply.

Dated this 8th day of February 2023.

*Brian T. Owen*
_____
Brian T. Owen


Jet Oilfield Services, LLC

By:_*Thomas Smith*_____
    Thomas Smith, CEO