**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-70126-SR |
| JET OILFIELD SERVICES, LLC, | § | |
| | § | Chapter 11 |
|     DEBTOR. | § | |
| | § | |

**ACCOUNT PURCHASE CREDITORS OBJECTION TO DISCLOSURE STATEMENT**

**TO THE HONORABLE SHAD ROBINSON, UNITED STATES BANKRUPTCY JUDGE:**

Spin Capital, LLC, Goat Advance, LLC, and Reserve Capital Management, LLC, (collectively, the "Account Purchase Creditors") file this objection (the "Objection") to the *Disclosure Statement Under 11 U.S.C. § 1125 For the Debtor's Plan of Reorganization Dated: February 9, 2023* (the "Disclosure Statement")[1] filed by the debtor-in-possession, Jet Oilfield Services, LLC, (the "Debtor").

**BACKGROUND**

1. At the beginning of 2022, the Debtor was poised to experience "massive growth" but was facing liquidity constraints imperiling its ability to capitalize on the opportunity.[2] Apparently unable to obtain further financing from its existing lenders, the Debtor sold its future accounts receivable to the Plaintiffs to obtain the liquidity necessary to respond to the opportunity.

2. Based on the liquidity provided by the Plaintiffs, the Debtor indeed experienced massive growth in 2022. The Debtor's financial statements show that its gross revenues for the

---

[1] ECF No. 151 (the "Disclosure Statement").
[2] Disclosure Statement at 7, § II.B.

first three quarters of 2022 were $34 million (nearly doubling calendar year 2021's revenues) and its ordinary business income was more than $10 million over the same period.[3]

3. The Debtor nevertheless filed a voluntary chapter 11 petition on October 12, 2022 (the "Petition Date").[4] The petition was signed by Brian Owen as Manager of the Debtor. As of the Petition Date, the Debtor valued its real property at near $3 million and its personal property at over $36 million, including a valuation of $9,370,101.60 for its accounts receivable.[5]

4. In the four months since the Petition Date, the Debtor has earned nearly $3.7 million before interest, taxes, depreciation, and amortization.[6] On February 8, 2023, each of the Account Purchase Creditors timely filed a proof of claim in the Debtor's case.[7] The total amount of the Account Purchase Creditors' claims is $5,459,419.[8] The Account Purchase Creditors additionally assert their claims are secured by, at a minimum, the Debtor's accounts receivable.[9]

5. On February 17, 2023, the Debtor filed the Disclosure Statement. As relevant to this Objection, the Disclosure Statement states that:

a. the Debtor disputes whether the Account Purchase Creditors' claims are secured and that "it shall file an adversary proceeding" against them to "determine the extent, priority and validity of their liens;"[10] and

b. other than the claims of the Account Purchase Creditors, the total amount of secured claims against the Debtor is between $15,322,317 and $16,282,341,[11] with only two of the Debtor's secured creditors – b1Bank and Oso Reserves – holding a security interest in the Debtor's accounts receivable;[12] and

---

[3] *Id.* at 9, § III.A.
[4] ECF No. 1.
[5] Disclosure Statement at 10-11, § IV.A and B.
[6] *Id.* at 9-10, § III.B.
[7] Claim Nos. 59, 60, 61.
[8] *Id.*
[9] *Id.* Contemporaneously with this Objection, the Account Purchase Creditors have filed an adversary proceeding to determine their rights in the Debtor's property.
[10] Disclosure Statement at 16-17, § V.B. (Classes 11 and 13).
[11] *Id.* at 13-15, § V.B (Classes 5-10).
[12] *Id.* at 16-17, § V.B (Class 5-6).

    c.   if the Debtors were to liquidate, the proceeds of estate property would be sufficient pay the Debtor's non-Account Purchase Creditor secured creditors in full, with $3,507,435 in "funds remaining"[13]

## OBJECTION

6.    The Bankruptcy Code requires that a prior to soliciting acceptance of a plan, the plan proponent must obtain approval of a disclosure statement regarding the plan that contains "adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined as "information of a kind, and in sufficient detail […] that would enable [a hypothetical investor] to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

7.    **Objection 1: the Disclosure Statement Does Not Contain Adequate Information About the Debtor's Alleged Claims Against the Account Purchase Creditors**. The Debtor apparently contests the validity of the Account Purchase Creditors' liens, but nowhere in the Disclosure Statement does it provide the basis for its dispute. This gives the Debtor's creditors and other parties-in-interest essentially no information with which to determine the strength of the Debtor's claims and whether the Debtor will be successful in its dispute. This is not a minor issue, as whether the Debtor will pay interest[14] on the Account Purchase Creditor's claims of nearly $5.5 million is dependent upon whether the Account Purchase Creditors' liens are valid.

8.    Accordingly, the Court should not approve the Disclosure Statement, or at a minimum, require the Debtor to modify the Disclosure Statement to specifically provide the basis for their disputes with the Account Purchase Creditors and the factual basis of its disputes.

---

[13] *Id.* at 34, "Exhibit B."

[14] The Disclosure Statement provides that the interest rate will be 7%. The Account Purchase Creditors reserve the right to object that this does not provide equivalent value under 11 U.S.C. § 1129(b)(2)(A)(ii) if the proposed plan proceeds to confirmation.

9.      **Objection 2: the Disclosure Statement Does Not Contain Adequate Information About the Debtor's Assets**.  The Debtor's description of its assets is not detailed enough to give creditors adequate information about them.  For example, the Disclosure Statement shows $6,498,259 of current accounts receivable and gives values of between $16 million ("book value") and 25 million ("market value") for "fixed assets" but does not provide any further detail regarding them.  The Liquidation Analysis then shows that the $6.5 million in accounts would be collected at 50% and that the "fixed assets" – the Debtor's primary assets – would be sold at 25% of "book value" and less than 20% of "market value."  This gives the Debtor's creditors little actual information as to the value of the Debtor's assets.

10.     Accordingly, the Court should not approve the Disclosure Statement, or at a minimum, require the Debtor to modify the Disclosure Statement to specifically detail the Debtor's assets and the basis for the Debtor's valuation of its assets.

### PRAYER FOR RELIEF

WHEREFORE, the Account Purchase Creditors pray the Court grant the relief requested in this Objection, and for such other and further relief, both at law and in equity, as is just.

[*Remainder of Page Left Intentionally Blank*]

Dated: April 25, 2023

Respectfully submitted,

By:     */s/ Broocks M. Wilson*

**KEAN MILLER LLP**
J. Eric Lockridge
Texas State Bar No. 24103053
400 Convention Street, Suite 700
Baton Rouge, Louisiana 70802

Tel:  225.387.0999
Fax: 225.388.9133

- and -

Broocks "Mack" Wilson
Texas State Bar No. 24102655
711 Louisiana Street, Suite 1800
Houston, Texas 77002

Tel: 713.844.3000
Fax: 713.844.3030

ATTORNEYS FOR ACCOUNT PURCHASE
CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that this Objection was served upon each party requesting notice through the Court's CM/ECF system on April 25, 2023.

*/s/ Broocks M. Wilson*
Broocks "Mack" Wilson