IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JET OILFIELD SERVICES, LLC, | § | Case No. 22-70126-SR |
| | § | |
| Debtor. | § | Chapter 11 |

**OBJECTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONFIRMATION OF DEBTOR'S PROPOSED AMENDED PLAN OF REORGANIZATION**

TO THE HONORABLE SHAD ROBINSON, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") file this objection to Confirmation of Debtor's proposed Amended Plan of Reorganization (the "Plan"):

1.      Certain provisions of the Plan do not comply with applicable provisions of 11 U.S.C. §1129 and applicable case law.  Unless these provisions are revised, the Plan cannot be confirmed.

2.      Specifically, the following provisions of the Plan do not comply with the Bankruptcy Code requirements for confirmation:

a.      **Improper Allowance and Payment of Indemnity Claims (Class 16)**. Class 16 consists of undefined and unlimited Indemnity Claims, which are in favor of insiders, who are Members of the Debtor.  Debtor provides no basis for allowing or paying such contingent claims, much less placing these in the same class as general unsecured creditors, nor is there any analysis on the extent of such potential contingent claims.  The Committee has objected to these claims [Dkt. 220-222]. The basis for the disallowance is set forth in these Objections, and the Committee incorporates the analysis

Page 1

by reference. In sum, these claims are by definition contingent and not allowed. Accordingly, the Plan provides for payments on account of claims that should be disallowed, and therefore does not comply with 11 U.S.C. §1129(a)(1).

b. **<u>Third Party Injunctions and Releases</u>**. The Plan provides for:

(i) Injunctions (though not termed as such) during the Plan term (i.e. 7 years) against actions on guaranty agreements or other third party claims against the Members or Managers of the Debtor, so long as Plan payments are being made. *See* Plan, ¶2.13. These type of provisions are generally proscribed by 11 U.S.C. §524(e). The Debtor has relied upon Judge Houser's opinion in *In re Seatco, Inc.*, 257 B.R. 469 (Bankr. N.D. Tex. 2001) for the proposition that such injunctions are proper. As Judge Houser explained in a later opinion, the *Seatco* holding is not applicable to every case. *See In re Couture Hotel Corp.*, 536 B.R. 712, 750-53 (Bankr. N.D. Tex. 2015)(denying confirmation of plan containing temporary injunction on third party actions). Even under Judge Houser's analysis, an injunction is inappropriate unless (1) the debtor and the individuals share such an identity of interest that a suit against the individuals is a suit against the debtor; and (2) the suit will adversely impact the debtor's ability to reorganize. Moreover, given the length of the injunction, it is doubtful that this provision (and the case law) survive the Fifth Circuit's more recent opinions

Page 2

prohibiting permanent injunctions, which a 7-year injunction effectively becomes. *See, e.g., Bank of New York Trust Co. v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.)*, 585 F.3d 229, 252-53 (5th Cir. 2009); *accord In re Prussia Assoc.*, 322 B.R. 572, 602-03 (Bankr. E.D. Pa. 2005)(discussing impropriety of plan provision that provided a 7-year "temporary" injunction).

(ii)     The release (or agreement not to pursue) recovery of distributions made to Thomas Smith, an insider and Member, in the amount of $245,000.00. The Disclosure Statement clearly states that these claims are being released. *See* Disclosure Statement, §IX.B.1. Distributions to equity owners provide no consideration to the Debtor and are considered fraudulent transfers. *See., e.g., Weiss v. Hoisager (In re Arabella Petroleum Co., LLC),* 647 B.R. 851, 876 (Bankr. W.D. Tex. 2022). The Debtor now characterizes the distributions as repayment of an (undocumented) loan. *Id*. If that is true, the distributions would be voidable preferences. The facts are that these amounts were booked as distributions, listed on the Statement of Financial Affairs as distributions, and described at the §341 meeting as distributions.

c.     **Feasibility**. §1129(a)(11) requires that a confirmation of a plan is not likely to be followed by a liquidation or further reorganization. While the *pro forma* prepared by the Debtor indicates that Plan payments can be made,

Page 3

there is no provision for a waterfall or other protections in the event of a sale. Given the lengthy Plan payout period, there is no protection for unsecured creditors in the evet of a sale. At a minimum, no distributions to an insider or equity owner as part of a sale should be permitted until unsecured creditors are paid in full.

d. **Absolute Priority Rule**. Assuming that the Plan is rejected by the unsecured creditors, the Plan provides for retention of equity interests AND distributions so long as Plan payments are made. The Members are not entitled to any distributions until allowed unsecured claims are paid in full and permitting distributions while unsecured claims are not yet paid in full violates the Absolute Priority Rule. 11 U.S.C. §1129(b)(2)(B).

e. **Good Faith**. §1129(a)(3) requires that a plan "be proposed in good faith." Good faith is viewed based on a totality of the circumstances surrounding the plan. *Western Real Estate Equities, LLC v. Village at Camp Bowie I, LP (In re Village at Camp Bowie I, LP)*, 710 F.3d 239, 247 (5th Cir. 2013). As set forth above, there are multiple Plan provisions which unfairly benefit insiders. The quantum of the favorable treatment to insiders under the Plan fails to meet this "good faith" requirement for confirmation. *See, e.g., In re Future Energy Corp.*, 83 B.R. 470, 487 (Bankr. S.D. Ohio 1988); *see also In re Lupton Consulting, LLC*, 633 B.R. 844, 869-70 (Bankr. E.D. Wis. 2021)(finding that a plan that provided substantial benefits to insiders was not proposed in good faith).

WHEREFORE, based on the foregoing, the Committee requests that the Court deny confirmation of the Plan as currently structured, and grant the Committee such other and further relief to which it may be entitled.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

By: */s/ Mark C. Taylor*
    Eric J. Taube (Bar No. 19679350)
    Mark C. Taylor (Bar No. 19713225)
    William R. "Trip" Nix, III (Bar No. 24092902)
    100 Congress Avenue, Suite 1800
    Austin, Texas 78701
    (512) 685-6400
    (512) 685-6417 (FAX)
    Email: Eric.Taube@hklaw.com
           Mark.Taylor@hklaw.com
           Trip.Nix@hklaw.com

*Attorneys for the Official Committee*
*of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

#211855180_v1 840767.27277

I hereby certify that the above and foregoing was served on the parties through the Court's ECF noticing system and to those parties-in-interest registered to receive such service, including the parties listed below on June 22, 2023:

**Debtor (by mail)**
Jet Oilfield Services, LLC
16890 N. Pecan
Midland, Texas 79707

**Counsel to Debtor**
Barron & Newburger, PC
Attn: Stephen W. Sather and
Gregory Raymond Siemankowski
7320 N MoPac Expy., Suite 400
Austin, Texas 78701
ssather@bn-lawyers.com
gsiemankowski@bn-lawyers.com

**United States Trustee**
Office of the United States Trustee
Attn: Casey Roy
903 San Jacinto Blvd., Room 230
Austin, Texas 78701
casey.roy@usdoj.gov

**Attorneys for OSO Reserves, LLC**
Jody D. Jenkins
Jenkins, Wagnon & Young, P.C.
P.O. Box 420
Lubbock, Texas 79408
jjenkins@jwylaw.com

Donal R. Schmidt, Jr.
Donal R. Schmidt, Jr., PLLC
5580 Peterson Ln., Ste. 120
Dallas, Texas 75240
don@donalrschmidtlaw.com

**Attorneys for b1 Bank
f/k/a Business First Bank**
Patrick L. McCune
Weiner, Weiss & Madison, APC
445 Louisiana Ave.
Baton Rouge, Louisiana 70702
pmccune@wwmlaw.com

*/s/ Mark C. Taylor*
Mark C. Taylor

Page 6

#211855180_v1 840767.27277