**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JET OILFIELD SERVICES, LLC,** | § | **Case No.: 22-70126-tmd** |
| | § | |
| | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |

**CREDITORS B&D FLOWBACK, LLC AND MOAB ENERGY LIMITED**
**LIABILITY COMPANY'S OBJECTION TO CONFIRMATION OF**
**DEBTOR'S AMENDED PLAN OF REORGANIZATION**

Creditors, B&D Flowback, LLC ("B&D") and Moab Energy Limited Liability Company ("Moab"), file their objections to confirmation of Debtor's Amended Plan of Reorganization (the "Plan"), pursuant to Fed. R. Bankr. P. 3020(b)(1) and the Court's Order (Dkt. 281), and would show the Court as follows:

**I.     INTRODUCTION.**

Jet Oilfield Services, LLC ("Jet") seeks confirmation of the Plan containing Section 2.13 that inappropriately enjoins/stays continued enforcement of claims against Jet's members, as co-debtors of certain portions of the debts owed to B&D and Moab, even though Jet intentionally and knowingly withheld this information throughout the bankruptcy until a Motion for Show Cause was to be filed. Further, Jet seeks to permit purported claims for indemnity under Class 16 (Section 4.16) in unlimited amounts from Jet's members as co-debtors when no operating agreement, other agreement, or the law permits such indemnification/claims. Still further, B&D and Moab would not be fully satisfied by the payments proposed under the Plan. As such, B&D and Moab object to confirmation of the Plan because it fails to comply with 11 U.S.C. § 1129 and the applicable law.

II.    **INCORPORATION OF COMMITTEE'S OBJECTION TO CONFIRMATION (DKT. 245).**

B&D and Moab, both of whom are also members of the Committee of Unsecured Creditors, incorporate herein as if copied in full the objections asserted by the Committee in Dkt. 245.

III.    **FACTS AND RELEVANT BACKGROUND.**

In 2018, Jet was formed.  **(Dkt. 151, p. 10).**  Jet's initial members were Thomas Smith ("Smith"), Brandon Wilkins ("Wilkins"), and Lorne Moseley ("Moseley").  **(*Id.*).**

In 2019, Brian Owens ("Owens") became an additional member of Jet. **(*Id.*).**  Smith, Wilkins, Moseley, and Owens (collectively "Jet's Members") remained members of Jet through the filing of Jet's bankruptcy.  **(Dkt. 1, p. 27).**

On June 24, 2022, the Texas Secretary of State forfeited/revoked Jet's Certificate of Formation after its right to transact business had remained forfeited/revoked for at least 120 days.  **(Ex. 1).**  In other words, Jet's right to transact business had been forfeited/revoked since at least February 24, 2022.  **(*See id.*).**

On August 13, 2022, Jet filed an "Application for Reinstatement and Request to Set Aside Revocation and Forfeiture" (the "Application") with the Texas Secretary of State.  **(Ex. 2).**  Jet acknowledged in the Application that its right to transact business and Certificate of Formation were forfeited/revoked due to its "failure to file a franchise tax return and/or pay state franchise tax." **(*Id.*).**  Jet's Certificate of Formation was reinstated on or about this same date.  **(*Id.*).**

On October 12, 2022, Jet initiated this Chapter 11 bankruptcy proceeding and the bankruptcy pleadings were executed by Owens.  **(Dkt. 1).**

On October 18, 2022, B&D/Moab initiated suit solely against Jet's Members in the 71st Judicial District Court of Harrison County, Texas in Cause Nos. 22-0839 and 22-0843 (individually as the "B&D Suit" or the "Moab Suit" and collectively the "B&D/Moab Suits").  The B&D/Moab

Suits were based solely on Jet's Members' direct liability for certain portions of the debts created/incurred by Jet relating to B&D/Moab during the time when Jet's right to transact business and/or Certificate of Formation were forfeited/revoked.  *See* TEX. TAX CODE §§ 171.2515(b), 171.255(a); *see also* TEX. BUS. ORGS. CODE § 101.251.

In the B&D Suit, recovery is sought from Jet's Members of $231,439.42, reasonable and necessary attorney fees, prejudgment/post-judgment interest, and court costs.  The $231,439.42 is only a portion of the $533,017.09 incurred by Jet in calendar year 2022 and that also remains outstanding.  The B&D Suit is near its conclusion, as the issues are extremely limited.  Even if the Plan was completed without default, B&D would not recoup all monies it would be entitled to recover and that have been incurred through the litigation.

In the Moab Suit, recovery is sought from Jet's Members of $783,987.54, reasonable and necessary attorney fees, prejudgment/post-judgment interest, and court costs.  The $783,987.54 is only a portion of the $870,816.65 incurred by Jet in calendar year 2022 and that also remains outstanding.  The Moab Suit is also near its conclusion, as the issues are the same as with the B&D Suit.  Even if the Plan was completed without default, Moab would not recoup all monies it would be entitled to recover and that have been incurred through the litigation.

On February 9, 2023, Jet filed its original Plan of Reorganization.  **(Dkt. 145).**  Relevant to this objection, the Plan of Reorganization included a blanket indemnity provision for "insiders" identified with Class 16 as well as a "Restriction on Pursuit of Claims Against Certain Co-Debtors on Obligations of the Debtors."  **(*Id.*, pp. 13, 19).**  These two provisions are related.

On February 17, 2023, Jet filed its Disclosure Statement with the Court.  **(Dkt. 151).**  In it, Jet, again, failed to disclose and/or correct inaccurate filings made under oath: (1) that Jet's right to transact business and Certificate of Formation had been forfeited/revoked; (2) that Jet's Members

were directly liable for Jet's debts created/incurred by Jet at all times when its right to transact business and Certificate of Formation had been forfeited/revoked (codebtors as a matter of law); and (3) that there were potential malpractice claims against RBM/P&N relating to Jet's right to transact business and Certificate of Formation being forfeited/revoked. **(*See id.*).**

On or around May 5, 2023, B&D/Moab learned that there were certain filings in the bankruptcy in which Jet had intentionally and knowingly failed to disclose known codebtors because they were Jet's Members. As such, B&D/Moab sent a draft of a Motion to Show Cause to Jet and requested a response. Jet advised that it objected to it but, at the same time, never disputed the veracity of the motion's contents or dispute that it intentionally and knowingly did not disclose Jet's Members as codebtors. It was only after the Unsecured Creditor's Committee also contacted Jet that it finally agreed to disclose the material facts that Jet was intentionally and knowingly withholding (and not correcting sworn documents that were filed with the Court containing information Jet knew was not accurate).

On May 15, 2023, two days before the hearing on Jet's disclosure statement, Jet filed an Amended Plan of Reorganization and Amended Disclosure Statement. **(Dkts. 211-1-4).** As with the original Plan of Reorganization, it contained a provision entitled "Restriction on Pursuit of Claims Against Certain Co-Debtors on Obligations of the Debtors" that provided as follows:

> 2.13   Restriction on Pursuit of Claims Against Certain Co-Debtors on Obligations of the Debtors.
>
> *To the extent that any of the persons serving as Members or Managers of the Reorganized Debtor are jointly liable with the Debtor upon a Claim, whether by contract or by operation of law, such obligation shall remain in force with respect to the Claim as modified by this Plan but not otherwise. (To the extent that a Claim is classified in more than one class, the liability of the third party shall extend to the obligations under each applicable class.) All guarantees and other obligations shall be deemed modified to reflect the restructuring of the primary obligations under this Plan. If the Plan is confirmed, a creditor may not enforce liability under a guaranty or other third party claim unless the Debtor defaults under the Plan. In the event of*

*default, only the amount owing under the Plan shall be recovered from the third party. This provision is intended to apply even to creditors who had previously recovered judgments against the guarantor. The statute of limitations for pursuit of any claims against the applicable third party shall be tolled while this provision remains in effect. For the avoidance of doubt, this provision applies to Lorne Moseley, Thomas Smith and Brandon Wilkins. This provision shall NOT apply to Brian T. Owen.*

Additionally, it contained a class of claims (Class 16) regarding indemnification for insiders, presumably based on Jet's Amended and Restated Company Agreement. **(Ex. 3).** The only provision in Jet's Amended and Restated Company Agreement identifying who Jet may indemnify is Section 8.12(a), which provides as follows:

> Each Person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she or a Person of whom he or she is the legal representative is or was a Manager, employee or agent of the Company or is or was serving at the request of the Company as a Manager, managing member, employee or agent of any other corporation or of a partnership, joint venture, trust or other enterprise (hereinafter an "Indemnified Party"), whether the basis of such proceeding is alleged action in an official capacity as a Manager, employee or agent of the Company or in any other capacity while serving as a Manager, employee or agent of the Company, shall be indemnified and held harmless by the Company to the fullest extent authorized by the TLLCL, against all expense, liability and loss (including, without limitation, attorneys' fees, judgments, fines and amounts paid or to be paid in settlement) reasonably incurred by such Indemnified Party in connection therewith; provided, however, that except as provided in this Article with respect to proceedings seeking to enforce rights to indemnification, the Company shall indemnify any such Indemnified Party seeking indemnification in connection with a proceeding (or part thereof) initiated by such Indemnified Party only if such proceeding (or part thereof) was authorized by unanimous approval of the Members; provided further, however, no such Person shall be entitled to indemnification under this paragraph if the acts, omissions or alleged acts or omissions of such Person or any of its Affiliates upon which such actual or threatened action, proceeding or claim are based were performed or omitted fraudulently or in bad faith or constituted gross negligence or willful misconduct.

**(*Id.* [Section 8.12]).**

On May 16, 2023, one day before the hearing on Jet's disclosure statement, Jet filed an Amended Schedule identifying, for the first time, Jet's Members as codebtors of debts owed to B&D and Moab. **(Dkt. 212, p. 52).** It did not disclose that Jet's Members were codebtors of debts owed

to any other creditors.

On May 25, 2023, the Official Committee of Unsecured Creditors, in which B&D and Moab are members, filed objections to Claim 56 made by Brandon Wilkins **(Dkt. 220)**, Claim 57 made by Thomas Smith **(Dkt. 221)**, and Claim 58 made by Lorne Moseley **(Dkt. 222)**.

**IV.     OBJECTION TO SECTION 2.13'S THIRD-PARTY INJUNCTION/STAY ON ENFORCEMENT OF CLAIMS AGAINST JET'S MEMBERS.**

B&D and Moab object to Section 2.13 of the Amended Plan of Reorganization.  While Section 2.13 does not explicitly state it is a temporary/permanent injunction (arguably more so a permanent injunction based on the time period), that is the ultimate effect of this section.

Nonconsensual third-party injunctions may only be entered in "unusual circumstances." *In re Seatco, Inc.*, 259 B.R. 469, 476-77 (Bankr. N.D. Tex. 2001). The unusual circumstances Jet must establish include "(1) when the non-debtor and the debtor enjoy such an identity of interest that the suit against the non-debtor is essentially a suit against the debtor, and (2) when the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization." *See In re Seatco* at 477 (citing *Feld v. Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995).

Even if one of the above-referenced two factors are met, Jet would have to further show the following factors: "(1) a substantial likelihood that the movant will prevail on the merits, (2) a substantial threat that the movant will suffer irreparable injury fi the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause to the party opposing the injunction, and (4) that the granting of the injunction will not disserve the public interest." *In re Couture Hotel Corp.*, 536 B.R. 712, 735 (Bankr. N.d. Tex. 2015).

Because Jet cannot meet the high burden of establishing these components, Section 2.13 of the Plan is inappropriate and the Plan should not be confirmed.

A.     **B&D and Moab's claims in the state suits against Jet's Members do not enjoy such an identity of interest that they are essentially against Jet.**

B&D and Moab's claims against Jet's Members are direct claims belonging to B&D and Moab against Jet's Members, not derivative of claims of Jet. *See In re University General Hosp. Sys., Inc.*, No. 15-31086-H3-11, 2016 Bankr. LEXIS 1783, 2016 WL 1620219, *8-9 (Bankr. S.D. Tex. Apr. 20, 2016). Additionally, Jet's Members have no ability, contractually or statutorily, to seek indemnification from Jet for amounts they are each individually liable for during the periods of time when Jet's corporate privileges, including the right to transact business, were forfeited/revoked. Still further, the amounts sought in the B&D/Moab Suits against Jet's Members would not be satisfied through payments under the Plan, even assuming the Plan was completed without default.

Based on the foregoing, Jet cannot satisfy this requirement when seeking a nonconsensual injunction/stay relating to actions against third parties (certain of Jet's Members).

B.     **B&D and Moab's pursuit of direct claims against Jet's Members will not have an adverse impact on reorganization.**

Jet has only identified Jet's Members as codebtors relating to debts ***B&D and Moab's claims***. **(Dkt No. 212, p. 52).** These two claims account for a very small percentage of the total claims. Further, the suits relating to these claims have been ongoing since October 2022 with discovery conducted between the parties with no affect on Jet's operations during this bankruptcy. On all accounts, the issues in the B&D/Moab Suits are simple and have almost reached a conclusion. As such, Jet cannot overcome the high burden of establishing entitlement to an injunction by creditors from pursing claims against third parties: Lorne Moseley, Thomas Smith, and Brandon Wilkins.

V.     **JET'S MEMBERS ARE NOT ENTITLED TO INDEMNIFICATION BY JET.**

The Plan, in effect, seeks a nonconsensual indemnification of Jet's Members where no valid

indemnification exists, by contract or statute. At best, B&D and Moab's understanding is that Jet's Members assert they are entitled to indemnification based on Section 8.12 of the Amended and Restate Company Agreement. **(Ex. 3).** This cannot be the case.

No portion of Section 8.12 permits indemnification for Jet's Members when they become liable as a matter of law when Jet's corporate privileges were revoked/forfeited. Instead, it only permits indemnification of a "Person" who is liable by reason of the fact that they were a Manager, employee/agent of Jet, or was serving at the request of the Company as a Manager, managing member, employee/agent. These situations do not arise with Jet's Member's liability for B&D and Moab's claims. Again, Jet's Members' liability is based solely on their status as members of Jet during the period of time when Jet's corporate privileges were revoked/forfeited. Jet's Members do not meet any of the criteria for which Jet's Amended and Restated Company Agreement would permit indemnification. Therefore, B&D and Moab object to the Plan's inclusion of nonconsensual indemnification of Jet's Members.

Respectfully submitted,

*/s/ Dallas W. Tharpe*
**Dallas W. Tharpe**
State Bar No. 24052036
dallas@tharpefirm.com
**THE THARPE FIRM, PLLC**
455 Rice Rd., Suite 101
Tyler, Texas 75703
P: (903) 253-9469
F: (903) 253-9475

**ATTORNEY FOR CREDITORS**
**B&D FLOWBACK, LLC AND MOAB**
**ENERGY LIMITED LIABILTY**
**COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per on June 22, 2023.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first-class mail.

**Debtor (*Via U.S. First Class Mail*)**
Jet Oilfield Services, LLC
16890 N. Pecan
Midland, TX 79707

**Counsel for Debtor (*via ECF*)**
Stephen W. Sather and
Gregory Raymond Siemankowski
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731

**U.S. Trustee (*via ECF*)**
John C. Roy
DOJ-UST
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Parties Requesting Service (*via ECF*)**

Patrick Lawrence McCune
Wiener, Weiss & Madison
721 North. St.
Baton Rouge, LA 70802

Justin W.R. Renshaw
Renshaw, PC
2900 Weslayan, Suite 360
Houston, TX 77027

William Ross Spence
Spence, Desenberg & Lee, PLLC
1770 Saint James Place, Suite 625
Houston, TX 77056

Hershel R. Chapin
H. R. Chapin, Attorney & Counselor, PLLC
4301 Alpha Rd.
Dallas, TX 75244

Jody D. Jenkins
Jenkins, Wagnon & Young, P.C.
PO Box 420
Lubbock, TX 79408

Donal R Schmidt, Jr
Donal R. Schmidt, Jr. Attorney
5580 Peterson Ln.,Ste. 120
Dallas, TX 75240

T. Josh Judd
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, TX 77056

Steven B. Bass
U.S. Attorney's Office
903 San Jacinto, Suite 334
Austin, TX 78701

Shawn Michael Grady
Law Firm of Shawn M. Grady, PLLC
2100 West Loop South, Ste. 805
Houston, TX 77027

William R. "Trip" Nix, III
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, Texas 78701

*/s/ Dallas W. Tharpe*
**Dallas W. Tharpe**